**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00926-REB

SHANTAE SHINHOLSTER,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING STIPULATED MOTION FOR ATTORNEY
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**Blackburn, J.**

The matter before me is **Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2142(s)** [#15],[1] filed December 5, 2015. As indicated by the title of the motion, the parties have reached an agreement as to the attorney fees to be awarded to plaintiff under the EAJA. I therefore grant the motion and award that amount of fees payable to plaintiff. *See Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007), *cert. denied*, 129 S.Ct. 486 (2008).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2142(s)** [#15], filed December 5, 2015, is granted;

2. That the court's prior **Minute Order** [#16], filed December 7, 2015, is vacated;

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and

      3. That pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is awarded $4,071.00 in attorney fees.[2]

      Dated December 8, 2015, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] Plaintiff has assigned her right to EAJA fees to her attorney. The Tenth Circuit has held that the plain language, structure, and history of the EAJA preclude an award of fees to anyone other than the prevailing party. **Manning v. Astrue**, 510 F.3d 1246, 1249-55 (10th Cir. 2007), **cert. denied**, 129 S.Ct. 486 (2008). I thus may not direct the fee award be paid directly to plaintiff's attorney.